1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN M. SCHOPPE-RICO,

        Plaintiff,

  v.

D. LEWIS, et al.,

        Defendants.
_____/

No. C 11-04283 YGR (PR)

**ORDER DIRECTING PLAINTIFF TO
PROVIDE REQUIRED INFORMATION
NECESSARY TO LOCATE
DEFENDANTS WILLIAMS AND
RAMIREZ**

Plaintiff filed the instant *pro se* civil rights complaint under 42 U.S.C. § 1983.  The Court issued an Order of Service, directing the United States Marshal to serve a summons and complaint on Defendants.

Service has been ineffective on Defendants "C. Williams" and "Correctional Officer Ramirez."  The Court has been informed that the Litigation Coordinator at Pelican Bay State Prison "need[s] more info" on these Defendants.

As Plaintiff is proceeding *in forma pauperis* (IFP), he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished.  *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994); *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990).

Pursuant to Fed. R. Civ. P. 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service.  When advised of a problem accomplishing service, a *pro se* litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge."  *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).  If the marshal is unable to effectuate service through no fault of his own, e.g., because Plaintiff failed to provide sufficient information or because the defendant is not where Plaintiff claims, and Plaintiff is informed, Plaintiff must seek to remedy the situation or face dismissal.  *See Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be

dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); *see also Del Raine v. Williford*, 32 F.3d 1024, 1029-31 (7th Cir. 1994) (prisoner failed to show good cause for failing to timely effect service on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed).

Service has been attempted by the United States Marshals Service and has failed with respect to the aforementioned Defendants.

IT IS HEREBY ORDERED THAT within **thirty (30) days** of the date of this Order, Plaintiff must provide the Court with the required information necessary to locate each of these Defendants, including: (1) the title and the full first name of Defendant Williams; and (2) the full first name of Defendant Ramirez. Failure to do so shall result in the dismissal of all claims against these Defendants. If Plaintiff provides the Court with aforementioned required information, service shall again be attempted. If service fails a second time, all claims against these Defendants shall be dismissed.

IT IS SO ORDERED.

DATED: <u>February 15, 2012</u>

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
For the Northern District of California