IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN M. SCHOPPE-RICO,

    Plaintiff,

 v.

D. LEWIS, et al.,

    Defendants.
                             /

No. C 11-04283 YGR (PR)

**ORDER DENYING PLAINTIFF'S MOTIONS RELATING TO SERVICE ISSUES; AND DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANTS RAMIREZ AND WILLIAMS**

       Plaintiff filed the instant *pro se* civil rights complaint under 42 U.S.C. § 1983. The Court issued an Order of Service, directing the United States Marshal to serve a summons and complaint on Defendants. Defendants Williams and Ramirez have not been served in this action.

       As Plaintiff is proceeding *in forma pauperis* (IFP), he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994); *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990).

       On February 15, 2012, the Court issued an Order directing Plaintiff to provide the information necessary to locate Defendants Williams and Ramirez within thirty days. Thirty days have passed, and Plaintiff has failed to provide the Court with the aforementioned required information. Instead, on March 16, 2012, Plaintiff filed a motion addressing the U.S. Marshal's inability to serve Defendants Ramirez and Williams (docket no. 39). In his motion, Plaintiff states that he has given the Court and the U.S. Marshal's Office sufficient information to effect service on Defendants Williams and Ramirez. (Mar. 16, 2012 Mot. at 2.) He further states that, "Plaintiff being a prisoner has done all within his reach." (*Id.*) On March 19, 2012, Plaintiff also filed a motion entitled, "Motion for Extension of Time to Assist Marshalls [sic] in Service of Summons on Defendant C/O S. Ramirez and O.S.S.-I. O/C Williams" (docket no. 40). However, the title of that motion is misleading because Plaintiff requests more time "so the U.S. Marshalls [sic] and the Court can effectuate service of summons and complaint upon Defendants C/O S. Ramirez and O.S.S.-I. O/C Williams and to file a response to this Court Order Notice in which to explain the true facts at

issue of these Defendants['] full contact information upon good cause shown." (Mar. 19, 2012 Mot. at 2.) The Court finds that no such extension is warranted. Given that the U.S. Marshal's Office has not been able to locate Defendants Williams and Ramirez, and that Plaintiff has already claimed in his March 16, 2012 motion to have exhausted all means available to him to locate these Defendants, it would be futile to give him a further extension to respond to the Court's February 15, 2012 Order. Therefore, Plaintiff's motions (docket nos. 39, 40) are DENIED.

Pursuant to Fed. R. Civ. P. 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a *pro se* litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, e.g., because Plaintiff failed to provide sufficient information or because the defendant is not where Plaintiff claims, and Plaintiff is informed, Plaintiff must seek to remedy the situation or face dismissal. *See Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); *see also Del Raine v. Williford*, 32 F.3d 1024, 1029-31 (7th Cir. 1994) (prisoner failed to show good cause for failing to timely effect service on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed). As mentioned above, service has been attempted by the United States Marshal's Service and has failed with respect to Defendants Williams and Ramirez. This action has been pending for over 120 days, and service upon these Defendants has not been effectuated. Plaintiff has failed to show cause why the claims against these Defendants should not be dismissed without prejudice pursuant to Rule 4(m). Accordingly, all claims against Defendants Williams and Ramirez are hereby DISMISSED without prejudice under Rule 4(m).

This Order terminates Docket nos. 39 and 40.

IT IS SO ORDERED.

DATED: April 27, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**