IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. SCHOPPE-RICO,<br><br>    Plaintiff,<br><br>vs.<br><br>D. LEWIS, et al.,<br><br>    Defendants.<br>_____ / | No. C 11-04283 YGR (PR)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY; VACATING THE PORTION OF COURT'S APRIL 27, 2012 ORDER DISMISSING DEFENDANTS WILLIAMS AND RAMIREZ; ADDRESSING PLAINTIFF'S PENDING MOTIONS; AND INSTRUCTIONS TO CLERK**<br><br>(Docket Nos. 21, 22, 24, 25, 26, 34, 48, 50, 51, 58) |

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983. In an Order dated September 28, 2011, the Court found that, liberally construed, Plaintiff's complaint stated a cognizable claim for violation of his First Amendment rights against the following Defendants at Pelican Bay State Prison ("PBSP"): Procurement and Service Officer II J. L. Rupert; Correctional Business Manager I J. Van Walkenburgh; Mailroom Supervisor C. Williams; Correctional Officer S. Ramirez; Correctional Officer Ruthledge; Warden G. D. Lewis; Associate Warden P. T. Smith; and Associate Warden Cook. (Docket No. 5.)

Defendants Williams and Ramirez have not been served in this action. In an Order dated February 15, 2012, the Court directed Plaintiff to provide the required information necessary to locate these Defendants within thirty days. Because Plaintiff failed to provide the Court with the aforementioned information by the deadline, the Court dismissed Defendants Williams and Ramirez pursuant to Federal Rule of Civil Procedure 4(m) in an Order dated April 27, 2012. (Apr. 27, 2012 Order at 2 (citing *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official)).)

On February 27, 2012, Defendants Rupert, Van Valkenburgh, Ruthledge, Lewis, Smith, and Cook filed a motion to dismiss Plaintiff's complaint on the basis that it fails to state a claim on which relief may be granted and on the basis that these Defendants are entitled to qualified immunity.

Before the Court are Defendants' motion to stay discovery as well as Plaintiff's various pending motions, which will all be elaborated upon below. (Docket Nos. 21, 22, 24, 25, 26, 34, 48, 50, 51, 58.) Also before the Court is Plaintiff's filing entitled, "In re W. Barnts, CCII Lit. Co. PBSP Accepts Service of Summons for Defendants C/O C. Williams and C/O S. Ramirez." (Docket No. 61.)

**I.   Defendants' Motion to Stay Discovery**

On March 2, 2012, Defendants filed a motion to stay discovery pending resolution of their motion to dismiss. (Docket No. 34.)

A district court has broad discretion to stay discovery proceedings pending the disposition of a potentially dispositive motion. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976); *Hovermale v. School Bd. of Hillsborough County*, 128 F.R.D. 287, 289 (M.D. Fla. 1989). The pending discovery requests in the instant case, however, are not especially burdensome. In addition, staying discovery would only further delay resolution of the case if the motion to dismiss is denied. Accordingly, Defendants' motion to stay discovery is DENIED.

**II.   Plaintiff's Request for Extension of Time to File Opposition to Defendants' Motion to Stay Discovery**

On April 30, 2012, Plaintiff filed a request for an extension of time in which to file an opposition to Defendants' motion to stay discovery. (Docket No. 50.) In light of the Court's denial of Defendants' motion to stay discovery, Plaintiff's request for an extension of time to file an opposition to this motion is DENIED as moot.

**III.   Plaintiff's Request for Extension of Time to File Opposition to Defendants' Motion to Dismiss**

On April 25, 2012, Plaintiff filed a request for an extension of time to file an opposition to Defendants' pending motion to dismiss. (Docket No. 48.) On April 30, 2012, however, Plaintiff filed a document entitled, "Motion to Strike Defendants' Motion to Dismiss," which was docketed as such by the Clerk of the Court. (Docket No. 51.) Defendants have construed Plaintiff's motion to strike Defendants' motion to dismiss as an opposition thereto. (Reply at 1.) The Court agrees with this construction and will construe Plaintiff's motion to strike accordingly. The Clerk shall docket

2

Plaintiff's motion to strike as his "Opposition to Motion to Dismiss," and shall terminate this motion as unnecessary. Because Plaintiff has already filed an opposition to Defendants' motion to dismiss, his request for an extension of time to file such an opposition is hereby DENIED as moot.

### IV.   Defendants Williams and Ramirez

In his July 9, 2012 filing, Plaintiff now claims that "Litigation Services Lit. Co. PBSP Barnts CCII just notified Plaintiff [that] they'll accept substitute service or summons." (July 9, 2012 Filing at 1.) Indeed, attached to Plaintiff's filing is a note from the litigation coordinator at PBSP, W. Barnts, which states: "Shoppe-Rico, PBSP Litigation will accept substitute service for C. Williams and C/O. S. Ramirez both current employees at PBSP." (Attach. to July 9, 2012 Filing at 4.) Albeit delayed, Plaintiff has provided the Court with the information needed to serve these Defendants. Therefore, the Court will allow service to be attempted on these Defendants one final time. Accordingly, the Court VACATES the portion of its April 27, 2012 Order dismissing Defendants Williams and Ramirez pursuant to Rule 4(m). The Court directs the Clerk to serve Defendants Williams and Ramirez using the information provided in Plaintiff's July 9, 2012 filing. As the Court's February 15, 2012 Order stated, however, if service fails a second time, the Court will dismiss these Defendants pursuant to Rule 4(m).

### V.   Plaintiff's Discovery Requests

In January and early February 2012, prior to Defendants filing their dispositive motion, Plaintiff filed several discovery motions, including: his "Request for Discovery, Protective Order and Hearing" (Docket No. 22); his "Application for Order Extending Time to Complete Discovery/Declarations" (Docket No. 24); and his "Motion Requesting U.S. Marshall [sic] Service of Process Subpoenas" (Docket No. 25). He has also filed document entitled, "Order to Show Cause for Preliminary Injunction" (Docket no. 20), in which Plaintiff is requesting the Court to direct prison officials at Kern Valley State Prison ("KVSP") to "give [him] reasonable access to discovery."     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery. For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for

3

1 specific, factual responses) directly to Defendants' counsel. *See* Fed. R. Civ. P. 33-34. The scope of
2 discovery is limited to matters "relevant to the claim or defense of any party . . . . Relevant
3 information need not be admissible at trial if the discovery appears reasonably calculated to lead to
4 the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery may be further limited
5 by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable
6 from some other source that is more convenient, less burdensome, or less expensive; (ii) the party
7 seeking discovery has had ample opportunity by discovery in the action to obtain the information
8 sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed.
9 R. Civ. P. 26(b)(2).

10 If Plaintiff intends to file a motion to compel, the Court further explains the procedure that
11 must be followed before such a motion is filed. It is not an effective or appropriate use of the
12 Court's limited resources for it to oversee all aspects of discovery. Thus, before filing a motion to
13 compel, the moving party must first attempt to resolve the dispute informally with the opposing
14 party. It is only when the parties are unable to resolve the dispute after making a good faith effort to
15 do so should they seek the Court's intervention. *See* Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local
16 Rule 37-1. Because Plaintiff is incarcerated, he is not required to meet and confer with Defendants
17 *in person.* Rather, if Plaintiff's discovery requests are denied and he intends to pursue a motion to
18 compel, he need only send a letter to Defendants to that effect, offering them one last opportunity to
19 provide him the sought-after information. The letter should state the specific discovery he seeks,
20 and state the reasons that Plaintiff believes he is entitled to such discovery.

21 Again, the Court notes that the aforementioned discovery motions were all filed before
22 Defendants filed their dispositive motion on February 27, 2012. In addition, the Court has denied
23 Defendants' motion to stay discovery pending the Court's ruling on their motion to dismiss. Thus, it
24 is evident that the aforementioned discovery motions filed by Plaintiff were all filed prematurely.
25 Therefore, Plaintiff's "Request for Discovery, Protective Order and Hearing" is DENIED as
26 premature.

27 The Court also DENIES Plaintiff's request for the Court to issue his proposed "Order to
28 Show Cause for Preliminary Injunction" (Docket no. 20) in which Plaintiff is requesting the Court to

direct prison officials at KVSP to "give [him] reasonable access to discovery." If Plaintiff is alleging that prison officials at KVSP are violating his constitutional rights stemming from his claim that he is being denied access to discovery, then he must bring such a claim before the United States District Court for the Eastern District of California. The events giving rise to any alleged claim of a constitutional violation occurred at KVSP located in Delano, California, which lies within the venue of the Eastern District of California. See 28 U.S.C. § 84(b). Therefore, venue is not proper in this district. *See* 28 U.S.C. § 1391(b). Accordingly, if Plaintiff wishes to pursue any constitutional claims, he must file a complaint in the Eastern District of California.

In addition, Plaintiff's "Application for Order Extending Time to Complete Discovery/Declarations" (Docket No. 24) is DENIED as unnecessary because, as mentioned above, discovery has not been stayed, and Plaintiff may continue to pursue discovery.

Finally, the Court notes that in Plaintiff's "Motion Requesting U.S. Marshall [sic] Service of Process Subpoenas," he has attached multiple forms entitled, "Subpoena In a Civil Case." In all these forms, Plaintiff makes discovery request upon non-parties, and thus these requests all constitute a demand made upon a non-party. Therefore, the Court shall construe his motion as a motion for leave to conduct non-party discovery. The Court cannot compel non-parties to provide Plaintiff with information unless he follows the correct procedure according to the Federal Rules of Civil Procedure. Plaintiff may compel a person who is not a party to this action to produce documents for inspection and copying pursuant to a subpoena duces tecum. *See* Fed. R. Civ. P. 34(c), 45(a). In order to do so, Plaintiff must fill out subpoena forms and must ensure that each person is served with the subpoena by a non-party. Plaintiff must tender to each person "the fees for one day's attendance and the mileage allowed by law." Fed R. Civ. P. 45(b)(1). The current requisite fee for each person is forty dollars per day, *see* 28 U.S.C. § 1821(b), and cannot be waived for a plaintiff proceeding *in forma pauperis*. *See Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Therefore, Plaintiff's motion for leave to conduct non-party discovery is DENIED at this time.

## VI. Plaintiff's Remaining Pending Motions

Plaintiff has filed three other motions, which the Court will rule on below.

Plaintiff's "Motion for Sanctions and Issuence [sic] of Default for Disobedience to Prior

5

Court Order" was filed on January 17, 2012. (Docket no. 21.) Plaintiff claims prematurely that Defendants are in default because they did not respond to the Court's September 28, 2011 Order of Service. The Court finds that no sanctions are warranted in this action. In its September 28, 2011 Order, the Court did not direct Defendants to file an answer to the complaint. Instead, it directed them to file a motion for summary judgment or other dispositive motion within ninety days. Thereafter, Defendants filed a motion for extension of time to file their dispositive motion up to and including February 27, 2012, which the Court granted in an Order dated January 9, 2012. The Court notes that Defendants also filed their "Waiver of Reply and Demand for Jury Trial" in January 2012. Finally, the Court finds that Defendants' pending motion to dismiss was timely filed on February 27, 2012. Accordingly, Plaintiff's "Motion for Sanctions and Issuence [sic] of Default for Disobedience to Prior Court Order" is DENIED.

Plaintiff's previously-filed "Motion for Extension of Time" (Docket No. 26), which was filed on February 9, 2012, requests an extension of time "to file a response to Defendants' dispositive motion." (Feb. 9, 2012 EOT Mot. at 1.) Plaintiff also states that he requests extension of time pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, which will be construed as a Rule 56(d) motion.[1] However, Defendants had not yet filed their dispositive motion at the time Plaintiff's February 9, 2012 motion was filed, therefore his motion for an extension of time is DENIED as premature. Similarly, his Rule 56(d) is also DENIED as premature.

Plaintiff's "Motion to Disqualify Magistrate Judge" (Docket No. 58) is DENIED as unnecessary because there is no magistrate judge assigned to this case. The undersigned judge is an Article III judge and not a magistrate judge.

**CONCLUSION**

For the reasons outlined above, the Court orders as follows:

---

[1] Plaintiff's motion refers to Rule 56(f); however, effective December 1, 2010, Rule 56 was amended and the provisions of subdivision (f) were moved to subdivision (d), without substantial change. *See* Fed. R. Civ. P. 56, advisory committee's notes (2010 amends.) ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."). The Ninth Circuit has held that when a party moves for summary judgment before the opposing party has had a "realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." *Burlington Northern Santa Fe R. Co. v. Assiniboine*, 323 F.3d 767, 774 (9th Cir. 2003).

6

1.      Defendants' motion to stay discovery is DENIED.  (Docket No. 34.)

2.      Plaintiff's request for extensions of time to file oppositions to Defendants' motion to stay discovery and motion to dismiss are DENIED as moot.  (Docket Nos. 48, 50.)   The Clerk is directed to docket Plaintiff's motion to strike as his "Opposition to Motion to Dismiss," and to terminate this motion as unnecessary.  (Docket No. 51.)

3.      The Court VACATES the portion of its April 27, 2012 Order dismissing Defendants Williams and Ramirez pursuant to Rule 4(m).  The Clerk is directed to serve Defendants Williams and Ramirez using the information provided in Plaintiff's July 9, 2012 filing.  **If service fails a second time, the Court will dismiss these Defendants pursuant to Rule 4(m).**

4.      Plaintiff's "Request for Discovery, Protective Order and Hearing" (Docket No. 22) is DENIED as premature.  In addition, Plaintiff's "Application for Order Extending Time to Complete Discovery/Declarations" (Docket No. 24) is DENIED as unnecessary.  The Court also DENIES Plaintiff's request for the Court to issue his proposed "Order to Show Cause for Preliminary Injunction" (Docket no. 20), in which Plaintiff is requesting the Court to direct prison officials at KVSP to "give [him] reasonable access to discovery."

5.      Plaintiff's "Motion Requesting U.S. Marshall [sic] Service of Process Subpoenas" (Docket no. 25), which has been construed as a motion for leave to conduct non-party discovery, is DENIED.

6.      Plaintiff's "Motion for Sanctions and Issuence [sic] of Default for Disobedience to Prior Court Order" (Docket No. 21) is DENIED.

7.      Plaintiff's previously-filed motion for an extension of time to file a response to Defendants' dispositive motion (Docket No. 26) is DENIED as premature.

8.      Plaintiff's "Motion to Disqualify Magistrate Judge" (Docket No. 58) is DENIED as unnecessary.

9.      This Order terminates Docket Nos. 21, 22, 24, 25, 26, 34, 48, 50, 51, and 58.

IT IS SO ORDERED.

DATED:   July 24, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**