United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. SCHOPPE-RICO,<br><br>    Plaintiff,<br><br>vs.<br><br>D. LEWIS, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-04283 YGR (PR)<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO CONDUCT DISCOVERY TO FILE SUPPLEMENTAL OPPOSITION TO MOTION TO DISMISS; ADDRESSING PLAINTIFF'S OTHER PENDING MOTIONS; AND INSTRUCTIONS TO THE CLERK**<br><br>(Docket Nos. 66, 67, 68, 69, 70) |

      Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983. In an Order dated September 28, 2011, the Court found that, liberally construed, Plaintiff's complaint stated a cognizable claim for violation of his First Amendment rights against the following Defendants at Pelican Bay State Prison ("PBSP"): Procurement and Service Officer II J. L. Rupert; Correctional Business Manager I J. Van Walkenburgh; Mailroom Supervisor C. Williams; Correctional Officer S. Ramirez; Correctional Officer Ruthledge; Warden G. D. Lewis; Associate Warden P. T. Smith; and Associate Warden Cook. (Docket No. 5.)

      On February 27, 2012, Defendants Rupert, Van Valkenburgh, Ruthledge, Lewis, Smith, and Cook filed a motion to dismiss Plaintiff's complaint on the basis that it fails to state a claim on which relief may be granted and on the basis that these Defendants are entitled to qualified immunity. On April 30, 2012, Plaintiff filed a response to Defendants' motion to dismiss which he captioned as a motion to strike. (Docket no. 51.) On May 14, 2012, Defendants construed that document as an opposition to their motion to dismiss, and filed a reply to the opposition. (Docket no. 54.) The Court finds that this interpretation is appropriate. On June 20, 2012, Plaintiff filed a response to Defendants' reply. (Docket no. 60.)

      Defendants Williams and Ramirez have not been served in this action. In an Order dated February 15, 2012, the Court directed Plaintiff to provide the required information necessary to locate these Defendants within thirty days. Because Plaintiff failed to provide the Court with the

aforementioned information by the deadline, the Court dismissed Defendants Williams and Ramirez pursuant to Federal Rule of Civil Procedure 4(m) in an Order dated April 27, 2012. (Apr. 27, 2012 Order at 2 (citing *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official)).) In a July 9, 2012 filing, Plaintiff provided the Court with the information needed to serve these Defendants, and claimed that "Litigation Services Lit. Co. PBSP Barnts CCII just notified Plaintiff [that] they'll accept substitute service or summons." (July 9, 2012 Filing at 1.) In an Order dated July 24, 2012, the Court vacated the portion of its April 27, 2012 Order dismissing Defendants Williams and Ramirez, and it allowed service to be attempted on these Defendants one final time. The Court directed the Clerk to serve Defendants Williams and Ramirez using the information provided in Plaintiff's July 9, 2012 filing. However, the Court informed Plaintiff that, if service fails a second time, the claims against these Defendants would be dismissed pursuant to Rule 4(m).

On July 25, 2012, the Clerk re-issued the summons to Defendants Williams and Ramirez. To date, the summons re-issued to these Defendants have not yet been returned as executed.

Before the Court are Plaintiff's "Motion for Extension of Time to Conduct Discovery" as well as Plaintiff's various pending motions, which will all be elaborated upon below. (Docket Nos. 66, 67, 68, 69, 70.)

## I. Motion for Extension of Time to Conduct Discovery

August 13, 2012, Plaintiff filed a motion entitled, "Motion for Extension of Time to Conduct Discovery." (Docket No. 69.) In this motion, he requests the Court to

> hold off on the ruling on the motion to dismiss until (1) the evading service of summons and complaint is completed upon the Defendants, C/O S. Ramirez and O.S.S.I. C. Williams, (2) also more time is needed to file discovery request and [for] the Defendants to comply with discovery rules and request[s]; [and] (3) furthermore, more time is needed and required until the requested petition is granted . . . order[ing] for return of ECF No: 51, brief[,] pleadings[,] motions and exhibits[,] and attachments.

(Mot. for EOT to Conduct Discovery at 1.) Plaintiff claims to be making the extension request of "30 days" pursuant to "Rule[] 6," which the Court assumes is Civil Local Rule 6-1 "Enlarging or

2

Shortening Time" in a civil action.[1] Under Civil Local Rule 6-1(b), "A Court order is required for any enlargement or shortening of time that alters an event or deadline already fixed by Court order or that involves papers required to be filed or lodged with the Court (other than an initial response to the complaint)." L.R. 6-1(b). The Court construes Plaintiff's motion as a request for a thirty-day extension of time to conduct further discovery in order to file a supplemental opposition to the pending motion to dismiss.

The Court notes that Plaintiff has already filed his opposition to the motion to dismiss, which was entitled, "Plaintiff['s] Motion to Strike Defendants['] Motion to Dismiss Memorandum of Points and Authorities." (Docket No. 51.) Defendants have filed their reply to his opposition. Plaintiff's reasons to delay the Court's ruling on the fully submitted motion to dismiss are unavailing. First, whether Defendant Ramirez or Defendant Williams has been served has no bearing on the pending motion to dismiss, which was filed by the other named Defendants. Second, Plaintiff fails to elaborate on how conducting further discovery is necessary to oppose the motion to dismiss. Finally, Plaintiff requests the return of "ECF No. 51," which the Court assumes is the document entitled, entitled, "Plaintiff['s] Motion to Strike Defendants['] Motion to Dismiss Memorandum of Points and Authorities" (Docket No. 51). As mentioned above, this document has been construed as his opposition to the motion to dismiss. Again, Plaintiff's request for a copy of his opposition should not delay the Court's ruling on the fully submitted motion to dismiss.

Plaintiff has already received a previous thirty-day extension of time to file his opposition to the motion to dismiss. (Mar. 23, 2012 Order at 1.) In addition, the Court has denied as moot his second request for an extension of time to file his opposition upon construing his motion to strike as

---

[1] Plaintiff also states that he requests the extension of time to conduct discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Rule 56(d) was formerly Rule 56(f), and effective December 1, 2010, Rule 56 was amended and the provisions of subdivision (f) were moved to subdivision (d), without substantial change. *See* Fed. R. Civ. P. 56, advisory committee's notes (2010 amends.) ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."). Plaintiff also cites to a case from the Ninth Circuit Court of Appeals, holding that when a party moves for summary judgment before the opposing party has had a "realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." *Burlington Northern Santa Fe R. Co. v. Assiniboine*, 323 F.3d 767, 774 (9th Cir. 2003). However, in the present case, Defendants have not filed a motion for summary judgment, instead they have filed a motion to dismiss. Therefore, Plaintiff's reliance on Rule 56(d) is misplaced and without merit.

3

his opposition. (July 24, 2012 Order at 2-3.)

Plaintiff's present request for a thirty-day extension of time to conduct further discovery in order to file a supplemental opposition to the pending motion to dismiss is DENIED because he fails to allege how additional discovery would have revealed specific facts precluding dismissal. In addition, his other reasons for the extension are without merit.

The Court further notes that Plaintiff may still conduct discovery because, in its July 24, 2012 Order, Defendants' request to stay discovery was denied. (July 24, 2012 Order at 2.) For Plaintiff's benefit, the Court reiterates the following regarding the proper procedure to conduct discovery, taken from its July 24, 2012 Order:

> Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery. For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendants' counsel. *See* Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).
>
> If Plaintiff intends to file a motion to compel, the Court further explains the procedure that must be followed before such a motion is filed. It is not an effective or appropriate use of the Court's limited resources for it to oversee all aspects of discovery. Thus, before filing a motion to compel, the moving party must first attempt to resolve the dispute informally with the opposing party. It is only when the parties are unable to resolve the dispute after making a good faith effort to do so should they seek the Court's intervention. *See* Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Because Plaintiff is incarcerated, he is not required to meet and confer with Defendants *in person.* Rather, if Plaintiff's discovery requests are denied and he intends to pursue a motion to compel, he need only send a letter to Defendants to that effect, offering them one last opportunity to provide him the sought-after information. The letter should state the specific discovery he seeks, and state the reasons that Plaintiff believes he is entitled to such discovery.

(July 24, 2012 Order at 3-4.)

## II. **Plaintiff's Remaining Pending Motions**

Plaintiff has filed four other motions, which the Court will rule on below.

Plaintiff's motions entitled, "Requesting Service of Summons to Be Completed Pursuant to

F.R.C.P. Rule # 4 Upon C/O S. Ramirez and O.S.S.I. C. Williams" (Docket no. 67) and "Motion for Leave to Amend Complaint Listing Served C/O S. Ramirez and O.S.S.I. C. Williams as Defendants" (Docket No. 68) are DENIED as moot. As mentioned above, the Court has directed the Clerk to re-issue the summons on Defendants Williams and Ramirez. Therefore, Plaintiff's present request to serve the summons on them is unnecessary. In addition, the Court vacated the portion of its April 27, 2012 Order dismissing Defendants Williams and Ramirez. Thus, Plaintiff's present request to amend the complaint to add them as named Defendants is also unnecessary.

Finally, Plaintiff has filed the following two motions requesting the original copies of exhibits he has lodged with the Court: "Petition and Order for Return of Exhibits and Attachments" (Docket No. 66) and "Petition and Order for Return of Exhibits, Brief[,] Pleadings[,] Motion and Attachments" (Docket No. 70). Plaintiff requests the "return [of] all exhibits and attachments to [his] pleadings" entitled as follows: (1) "Motion for Extension of Time to Assist Marshalls [sic] in Service of Summons on Defendant C/O S. Ramirez and O.S.S.I. C. Williams" (Docket No. 40, pages 18-50); (2) "In re: W. Barnts, CCII L[i]t. Co. PBSP Accepts Service of Summons for Defendants C/O C. Williams and C/O S. Ramirez" (Docket No. 61, pages 13-63); and (3) "Plaintiff['s] Motion to Strike Defendants['] Motion to Dismiss Memorandum of Points and Authorities" (Docket no. 51, pages 1-31; Docket No. 53, pages 1-96). Plaintiff claims that he was not able to make photocopies of the aforementioned documents. Therefore, he was forced to file his original copies with the Court. The Court notes that all the aforementioned documents have been scanned into the Court's electronic database. Therefore, the Court GRANTS Plaintiff's requests for the return of the aforementioned documents. The Clerk is directed to return the original copies of the aforementioned documents to Plaintiff.

## **CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's "Motion for Extension of Time to Conduct Discovery" (Docket No. 69), which has been construed as a request for a thirty-day extension of time to conduct further discovery in order to file a supplemental opposition to the pending motion to dismiss, is DENIED. The Court shall resolve the pending motion to dismiss in a separate written Order.

2.      Plaintiff's motions entitled, "Requesting Service of Summons to Be Completed Pursuant to F.R.C.P. Rule # 4 Upon C/O S. Ramirez and O.S.S.I. C. Williams" (Docket no. 67) and "Motion for Leave to Amend Complaint Listing Served C/O S. Ramirez and O.S.S.I. C. Williams as Defendants" (Docket No. 68) are DENIED as moot.

3.      Plaintiff's "Petition and Order for Return of Exhibits and Attachments" (Docket No. 66) and "Petition and Order for Return of Exhibits, Brief[,] Pleadings[,] Motion and Attachments" (Docket No. 70), which have been construed as requests for the return of the documents outlined above, are GRANTED.  The Clerk shall return the original copies of the aforementioned documents to Plaintiff along with a copy of this Order.

4.      This Order terminates Docket Nos. 66, 67, 68, 69, and 70.

IT IS SO ORDERED.

DATED:  August 20, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**