IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN M. SCHOPPE-RICO,

    Plaintiff,

vs.

J. L. RUPERT et al.,

    Defendants.

                                          /

No. C 11-4283 YGR (PR)

**ORDER GRANTING DEFENDANTS RAMIREZ'S AND WILLIAMS'S MOTION TO JOIN DEFENDANTS' MOTION TO DISMISS; AND GRANTING DEFENDANTS' MOTION TO DISMISS**

(Docket Nos. 31 and 75)

## INTRODUCTION

Plaintiff John M. Schoppe Rico, a state prisoner who is currently incarcerated at Kern Valley State Prison ("KVSP"), filed a *pro se* civil rights complaint ("Compl.") under 42 U.S.C. § 1983, stemming from his previous incarceration at Pelican Bay State Prison ("PBSP"). He alleges that individuals at PBSP opened his confidential legal mail outside of his presence and did so with a retaliatory motive.

Plaintiff alleged that while he was incarcerated at PBSP, correctional staff opened mail that was received by Plaintiff on June 18, 2010, June 23, 2010, and July 18, 2010 outside of his presence. He claims that the mail that correctional staff opened was confidential legal mail and that opening such mail constitutes a violation of his First Amendment rights. Additionally, Plaintiff claims that Defendants opened the mail outside of his presence in retaliation for his filing a separate civil rights lawsuit against them.

In an Order dated September 28, 2011, the Court found that Plaintiff had stated a cognizable claim for violation of his First Amendment rights against Defendants Procurement and Service Officer J. L. Rupert, Correctional Business Manager I. J. Van Walkenburgh, C. Williams, Correctional Officer Ramirez, Correctional Officer Ruthledge, Warden G. D. Lewis, Associate Warden P. T. Smith, and Associate Warden Cook at PBSP. (Docket No. 5.)

In its Order of Service dated September 2, 2011, the Court directed the United States Marshal ("Marshal") to serve the aforementioned Defendants at PBSP, where Plaintiff indicated that

they were located. The Marshal successfully served these Defendants, but returned the summons unexecuted as to Defendants Ramirez and Williams. (Docket No. 8.)

The Marshal informed the Court that Defendant Ramirez's summons was returned unexecuted because PBSP needed more information to identify and properly serve him. (*Id.*) Similarly, the Marshal informed the Court that Defendant Williams's summons was returned unexecuted because PBSP officials needed more information to identify and properly serve him. (*Id.*)

In an Order dated February 25, 2012, the Court notified Plaintiff that the Marshal had been unable to effectuate service upon Defendants Ramirez and Williams, and directed Plaintiff to provide the proper titles and current addresses for those Defendants within thirty days. (Docket No. 28.) The Court also notified Plaintiff that failure to provide the proper titles and addresses for Defendants Ramirez and Williams could result in dismissal of all the claims against them. (*Id.*) Thereafter, Plaintiff filed a motion for extension of time to assist the Court in serving Defendants Ramirez and Williams. (Docket No. 40.)

On February 27, 2012, the remaining served Defendants filed their motion to dismiss Plaintiff's complaint on the grounds that: (1) Plaintiff could not sustain a First Amendment claim because the mail opened outside of his presence did not meet the standard for confidential legal mail; (2) that Plaintiff could not sustain a claim of retaliation because Defendants did not retaliate against him when they opened his mail; (3) and that Defendants were entitled to qualified immunity. (Docket No. 31.)

On March 14, 2012, Plaintiff filed a motion for extension of time in order to file an opposition to Defendants' motion to dismiss. In an Order dated March 23, 2012, the Court granted Plaintiff's request for an extension of time to file his opposition to Defendants' motion to dismiss. (Docket No. 41.)

In an Order dated April 27, 2012, the Court denied Plaintiff's request for an extension of time to serve Defendants Ramirez and Williams. (Docket No. 49.)

On April 30, 2012, Plaintiff filed another motion for extension of time to file his opposition to Defendants' motion to dismiss. (Docket No. 50.) On April 30, 2012, Plaintiff also filed

"Plaintiff's Motion to Strike Defendants' Motion to Dismiss Memorandum of Points and Authorities." (Docket No. 51.) On May 14, 2012, Defendants filed their reply, construing Plaintiff's aforementioned filing as an opposition to their motion to dismiss. (Docket No. 54.) On June 20, 2012, Plaintiff filed another reply. (Docket No. 60.)

Thereafter, on July 9, 2012, Plaintiff provided the Court with additional information needed to serve Defendants Ramirez and Williams. (Docket No. 61.)

In an Order dated July 24, 2012, the Court amended its previous order and directed the Marshal to serve Defendants Ramirez and Williams on the basis of this new information. (Docket No. 64.) In that same order, the Court denied Plaintiff's motion for extension of time to file an opposition. (*Id.*)

On July 25, 2012, the Clerk re-issued the summons as to Defendants Ramirez and Williams (Docket No. 65), and, thereafter, the Marshal successfully re-served these Defendants.

On September 12, 2012, Defendants Ramirez and Williams filed a Waiver of Reply and Demand for Jury Trial.

On September 26, 2012, Defendants Ramirez and Williams filed a motion to join the other Defendants' motion to dismiss. (Docket No. 31.)

For the reasons set forth below, the Court GRANTS Defendants Ramirez's and Williams's aforementioned motion, and the joinder is accepted. The Court also GRANTS Defendants' motion to dismiss.

**BACKGROUND**

The following factual allegations are taken from Plaintiff's complaint and the attachments to his complaint.

Plaintiff alleges in his complaint that on three separate occasions (June 18, 2010, June 23, 2010, and July 18, 2010), while he was housed at PBSP, Defendants opened his confidential legal mail outside of his presence in violation of his First Amendment rights. (Compl. at 3.) Additionally, Plaintiff claims that his confidential legal mail was opened outside of his presence in retaliation for the fact that he had filed another complaint under Section 1983 against Defendants. (*Id.*)

On June 18, 2010, Plaintiff received a piece of mail from Howard Rice Nemerovski Canady Falk & Rabkin. (*Id*. at 30.) The return address on the envelope did not include the name or title of an individual attorney.

On June 23, 2010, Plaintiff received a piece of mail from Fenwick & West LLP. (*Id*. at 38.) The return address on the envelope did not provide the name or title of an individual attorney. (*Id*.) Plaintiff has not attached a copy of the piece of mail that was received on July 18, 2010 to his complaint.

In support of his complaint, Plaintiff has submitted copies of administrative grievances that he filed at PBSP. On June 29, 2010, Plaintiff filed a 602 appeal (No. S10-02372) at PBSP alleging that on June 18, 2010 and on June 23, 2010 his confidential legal mail was opened outside of his presence by mail room staff. (*Id*. at 14.) Plaintiff's appeal was denied at the first level of administrative review. (*Id*. at 18.) The first level reviewer, in his decision, explained that pursuant to California Code of Regulations, Title 15, Section 3141(d): "All incoming confidential mail from an attorney or legal service organization shall include the attorney's name, title, and return address of their office." (*Id*.) The first level reviewer explained that because Plaintiff's mail did not meet the abovementioned criteria, the mail did not constitute "confidential legal mail" that could not be opened by mail room staff. (*Id*.)

At the second level of review, Plaintiff's appeal was partially granted because the first level reviewer failed to consider additional opened envelopes that Plaintiff had attached to his first level appeal. (*Id*. at 19.) However, the second level reviewer found that mail room staff was in compliance with prison policies regarding classifying and opening inmate mail. (*Id*.) The appeal was cancelled at the Director's level of review, because Plaintiff's appeal to the Director's level of review was found to be untimely. (*Id*. at 13.)

Plaintiff does not mention the piece of mail received on July 18, 2010 in any of the administrative grievances he filed at PBSP and has attached in support of his complaint as these grievances were filed *before* July 18, 2010. (*Id*. at 14)

## DISCUSSION

**I.     Standard for Review**

4

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12 (b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (1964).

In considering whether the complaint is sufficient to state a claim, the district court must accept all factual allegations as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). However, the court need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended*, 275 F.3d 1187 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff may negate his claim by including unnecessary details that contradict it. *Sprewell*, 266 F.3d at 988. A court, for example, is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. *Bell Atl. Corp.*, 550 U.S. at 557; *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998). "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chemical Co.,* 845 F.2d 802, 810 (9th Cir. 1988). A court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

**II.   Analysis**

    **A.   Opening of Confidential Legal Mail**

In his complaint, Plaintiff alleges that on June 18, 2010, June 23, 2010, and July 18, 2010, Defendants violated his First Amendment rights by unlawfully opening his confidential legal mail outside of his presence.

Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52

F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). The inspection for contraband of non-legal mail does not violate a prisoner's constitutional rights. *See id.*, 52 F.3d at 265-66 (upholding inspection of outgoing mail); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (upholding inspection of incoming mail); *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding inspection of outgoing and incoming mail). Prison officials also may institute procedures for inspecting legal mail, for example, mail sent between attorneys and prisoners, *see Wolff v. McDonnell,* 418 U.S. 539, 576-77 (1974) (holding that a state may constitutionally require that mail from an attorney to a prisoner be identified as such and that the attorney's name and address appear on the communication), and mail sent from prisoners to the courts, *see Royse v. Superior Court*, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court). But the opening and inspecting of legal mail outside the presence of the prisoner may have an impermissible chilling effect on the constitutional right to petition the government. *See O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (citing *Laird v. Tatum*, 408 U.S. 1, 11 (1972)).

Isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *Morgan v. Montanye*, 516 F.2d 1367, 1370-71 (2d Cir. 1975) (no claim where letter from prisoner's attorney opened out of prisoner's presence in single instance), *cert. denied*, 424 U.S. 973 (1976); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974) (isolated incident of mail mishandling insufficient to state a claim under § 1983), *cert. denied*, 418 U.S. 910 (1974).

Plaintiff alleges that his First Amendment rights were violated on June 18, 2010, June 23, 2010, and July 18, 2010 when prison officials opened his confidential legal mail outside of his presence. However, as mentioned above, the pieces of mail received on June 18, 2010 and June 23, 2010 did not contain the names or titles of any individual attorneys on the envelopes. Pursuant to *Wolff*, states may require that mail sent to prisoners be labeled with the name of the attorney-sender in order to constitute confidential legal mail. 418 U.S. at 576-77. According to § 3141(d) of Title 15 of the California Code of Regulations, incoming confidential legal mail at PBSP must contain both the name and title of the sender-attorney. Cal. Code Regs. tit. 15, § 3141(d). Because the pieces of

mail received on June 18, 2010 and June 23, 2010 did not contain the name and title of the sender-attorney as required by the California Code of Regulations, these pieces of mail did not constitute confidential legal communications for First Amendment purposes. *Wolff*, 418 U.S. at 576-77. Therefore, inspection of these pieces of mail did not violate Plaintiff's First Amendment rights. *Id*.

The record is silent as to whether or not the piece of mail received on July 18, 2010 was properly marked with the name and title of the sender-attorney such that it would constitute confidential legal mail. However, the Court notes that even *if* the mail had been properly marked with the name and address of the attorney-sender, opening that piece of mail would not have violated Plaintiff's First Amendment rights. Pursuant to *Morgan*, there is no First Amendment violation where a letter from a prisoner's attorney is opened out of the prisoner's presence in only a single instance. 516 F.2d at 1370-71. Therefore, even if the piece of mail received on July 18, 2010 was properly marked as confidential legal mail, the opening of such mail would constitute an isolated instance of mishandling that is insufficient to support Plaintiff's claim of a First Amendment violation. *Id*.

**B.    Retaliation**

Additionally, Plaintiff alleges that Defendants opened his confidential legal mail in retaliation for his filing a previous civil rights action against them. (Compl. at 3.)

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985) (contention that actions "arbitrary and capricious" sufficient to allege retaliation).

7

1  The prisoner must prove all elements of a viable retaliation claim, including the absence of
2  legitimate correctional goals for the conduct about which he complains. *Pratt*, 65 F.3d at 806.
3  Retaliation claims brought by prisoners must be evaluated in light of concerns over "excessive
4  judicial involvement in day-to-day prison management, which 'often squander[s] judicial resources
5  with little offsetting benefit to anyone.'" *Id.* at 807 (quoting *Sandin v. Conner*, 515 U.S. 472, 482
6  (1995)). In particular, courts should "'afford appropriate deference and flexibility' to prison officials
7  in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory."
8  *Id.* (quoting *Sandin*, 515 U.S. at 482).

9  The prisoner also must show that the constitutionally protected activity in which he was
10 engaged was a substantial or motivating factor for the alleged retaliatory action. *See Hines v.*
11 *Gomez*, 108 F.3d 265, 267–68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial
12 evidence). The prisoner need not prove a total chilling of his First Amendment rights to state a
13 claim for retaliation; that his First Amendment rights were chilled, though not necessarily silenced,
14 is enough. *Rhodes*, 408 F.3d at 569. But the prisoner at least must allege that he suffered harm,
15 since harm that is more than minimal will almost always have a chilling effect. *Id.* at 567–68 n.11;
16 *see Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000) (holding that a retaliation claim is not
17 actionable unless there is an allegation of harm).

18 Plaintiff's filing of a previous civil rights complaint under 42 U.S.C. § 1983 against
19 Defendants is a constitutionally protected activity. *See Schroeder v. McDonald*, 55 F.3d 454, 461
20 (9th Cir. 1995) (holding that prisoners may not be retaliated against for exercising their right of
21 access to the courts). However, Defendants argue that, pursuant to *Rhodes*, Plaintiff fails to state a
22 cognizable claim of retaliation, because he has not shown that the action of opening his mail was
23 completely unrelated to any legitimate penological interest and was taken only in retaliation. 408
24 F.3d at 567-68. After careful review of the record, the Court agrees. Prison officials have a
25 legitimate penological interest in searching incoming prisoner mail for contraband and other
26 unlawful items in order to preserve institutional order and safety. *Witherow,* 52 F.3d at 265-66. In
27 addition, the Court finds Plaintiff's retaliation claim consists solely of conclusory and speculative
28

8

1 allegations and does not set forth any specific facts to support his claim that Defendants retaliated
2 against him for filing a previous civil rights action against them.

3     Plaintiff's entire retaliation claim against Defendants is as follows: "Since I've filed the 1983
4 Action against staff at PBSP my legal documents have been either opened without my presence or
5 lost via mail room staff and floor officers." (Compl. at 3.) In his opposition to Defendants' motion to
6 dismiss, Plaintiff reasserts the same conclusory statements relating to the alleged retaliation claim set
7 forth above and states: "Several defendants at Pelican Bay opened [Plaintiff's] confidential mail
8 outside his presence . . . an[d] they did so with retaliatory motive." (Opp'n at 2.) The Court notes
9 that the record shows only three instances where Defendants opened Plaintiff's mail, as explained
10 above.

11     Plaintiff's obligation in defending a motion to dismiss under Rule 12(b)(6) is to provide the
12 "grounds" of his "'entitle[ment] to relief,'" which "requires more than labels and conclusions." *Bell*
13 *Atlantic Corp.*, 550 U.S. at 555 (citations omitted). But Plaintiff's allegations relating to his
14 retaliation claim set forth in his complaint against Defendants are general, conclusory, speculative
15 and unsupported. Moreover, in his opposition to Defendants' motion to dismiss, Plaintiff fails to
16 proffer any new arguments or specific facts to support his original allegations.

17     In addition, Plaintiff's complaint does not allege a nexus establishing that Defendants'
18 involvement in opening his legal mail was in retaliation for constitutionally protected activity. The
19 Court finds that Defendants had a legitimate penological interest in searching incoming prisoner mail
20 for contraband and other unlawful items in order to preserve institutional order and safety at PBSP.
21 *See Witherow,* 52 F.3d at 265-66.

22     Because Plaintiff's allegations of retaliation are general, conclusory, speculative, and
23 unsupported, and because Plaintiff fails to allege a nexus between Defendants' involvement in
24 opening his legal mail, his allegations cannot survive Defendants' motion to dismiss under Rule
25 12(b)(6).

26     In sum, the Court finds that Plaintiff's complaint fails to state a claim upon which relief can
27 be granted. Defendants' motion to dismiss is GRANTED, and the complaint is DISMISSED.
28

Because the Court has granted Defendants' motion to dismiss as to all of Plaintiff's claims, it need not address Defendants' argument that they are entitled to qualified immunity.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Court GRANTS Defendants Ramirez's and Williams's motion to join Defendants' motion to dismiss (Docket No. 75), and the joinder is accepted.

2. The Court GRANTS Defendants' motion to dismiss (Docket No. 31), and the complaint is DISMISSED without further leave to amend.

3. The Clerk shall enter judgment, terminate all pending motions, and close the file. Each party shall bear his or her own costs.

4. This Order terminates Docket Nos. 31 and 75.

IT IS SO ORDERED.

DATED: September 28, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**