IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. SCHOPPE-RICO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>J. L. RUPERT et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 11-4283 YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

　　　　Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983 alleging constitutional violations stemming from his previous incarceration at Pelican Bay State Prison ("PBSP"). He alleged that individuals at PBSP opened his confidential legal mail outside of his presence and did so with a retaliatory motive.

　　　　In an Order dated September 28, 2012, the Court granted Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, and entered judgment in favor of Defendants. (Docket. Nos. 77, 78.)

　　　　On October 15, 2012, Plaintiff filed a notice of appeal with the Ninth Circuit Court of Appeals. (Docket. No. 79.)

　　　　On October 16, 2012, the Ninth Circuit acknowledged Plaintiff's notice of appeal and set a briefing schedule. (Docket. No. 80.)

　　　　On November 5, 2012, the Ninth Circuit referred the matter to this Court for a determination whether Plaintiff's *in forma pauperis* ("IFP") status should continue for this appeal.

　　　　On November 9, 2012, Plaintiff filed in this Court a motion entitled, "Motion for an Extension of Time to File Motion for Reconsideration" (Docket No. 84).

　　　　In an Order dated November 13, 2012, this Court certified that any appeal taken from the judgment of this action will not be taken in good faith and is therefore frivolous. (Nov. 13, 2012 Order at 1.) Accordingly, the Court revoked Plaintiff's IFP status.

　　　　In an Order dated February 28, 2013, the Ninth Circuit reviewed the record on appeal and

confirmed that Plaintiff was not entitled to IFP status on appeal because it found that his appeal was "frivolous." (Ninth Circuit Feb. 28, 2013 Order at 1.) The Ninth Circuit directed Plaintiff to pay the $455.00 filing fee within twenty-one days or the appeal would be dismissed for failure to prosecute.

In an Order dated April 5, 2013, the Ninth Circuit dismissed Plaintiff's appeal for failure to prosecute because he did not pay the filing fee within the twenty-one day deadline.

On July 11, 2013, the Clerk of the Court for the United States Supreme Court informed this Court that Plaintiff had filed a writ of certiorari on June 26, 2013.

**DISCUSSION**

The Court construes Plaintiff's "Motion for an Extension of Time to File Motion for Reconsideration" as a motion for leave to file a motion for reconsideration. It is well established that once Plaintiff filed a notice of appeal of this Court's judgment, this Court lost jurisdiction over the action. *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004). To seek Rule 60(b) relief during the pendency of an appeal, "the proper procedure is to ask the district court whether it wishes to entertain the motion, or grant it, and then move [the Ninth Circuit], if appropriate, for remand of the case." *Id.* (citation and internal quotation marks omitted). The Court finds that such a procedure is not needed in the present case because Plaintiff's appeal in the Ninth Circuit was closed and found to be frivolous. However, this Court is not inclined to entertain or grant the motion for reconsideration. Accordingly, his motion for leave to file a motion for reconsideration in this Court (Docket No. 84) is DENIED.

This Order terminates Docket No. 84.

IT IS SO ORDERED.

DATED: September 24, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**